[Cite as *State v. McCarthy*, 2016-Ohio-1249.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 14 MA 0107 |
| VS. | ) | |
| | ) | OPINION |
| DANIEL P. MCCARTHY | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from County Court No. 4 of Mahoning County, Ohio
Case No. 10 TR C 1471 A-B

JUDGMENT:    Reversed. Sentence vacated.

APPEARANCES:
For Plaintiff-Appellee    Attorney Paul Gains
Mahoning County Prosecutor
Attorney Ralph Rivera
Assistant Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant    Attorney Mark DeVicchio
3680 Starr Centre Drive
Canfield, Ohio 44406

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: March 24, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, Daniel P. McCarthy, appeals the judgment of the Mahoning County Court No. 2, ordering him to serve the balance of his jail term from a 2010 conviction that he had not fully served due to jail overcrowding. The trial court erred by ordering McCarthy to serve the balance of the jail sentence because the five-year period for executing a misdemeanor sentence as prescribed by *State v. Zucal,* 82 Ohio St.3d 215, 219, 694 N.E.2d 1341 (1998), has expired. Accordingly, the judgment of the trial court is reversed, and McCarthy's sentence is vacated.

{¶2} On March 9, 2010, McCarthy, while intoxicated and alluding police in his vehicle, crashed into a residence causing damage to the structure, but no personal injury. During an inventory search of McCarthy's vehicle, police discovered illegal prescription painkillers. McCarthy was issued citations for: a third-offense OVI, driving under a suspended license, hit/skip, and failure to control, all misdemeanors, ranging from unclassified to first degree.

{¶3} McCarthy entered into a plea agreement; he pled guilty to the third-offense OVI charge, and in exchange the State dismissed the DUS, hit/skip and failure to control charges. The trial court sentenced McCarthy to 365 days in jail, with 114 days suspended, to run consecutive to the sentence for his probation violation in his second OVI conviction case. The trial court also imposed a $1,000 fine and ordered that McCarthy be subject to 60 months of reporting community control and that he pay restitution to the property owner. McCarthy did not file a direct appeal from this judgment.

{¶4} McCarthy served 18 days in jail before being furloughed as a result of jail overcrowding. McCarthy made attempts for over a year to serve the remainder of his jail sentence; however, he was turned away due to overcrowding.

{¶5} Just over four years after he was sentenced, a notice of hearing for violation of probation was issued, due to McCarthy's failure to serve the remainder of his jail term. The hearing was scheduled and McCarthy entered a not guilty plea to the probation violation. An entry memorializing his not guilty plea alleges that McCarthy failed to serve 365 days in jail, but notes that he "has 114 days of jail time

suspended."

{¶6} McCarthy also filed a motion to reconsider jail sentence/suspend the balance of days to serve. Therein he argued that he had complied with all the terms of his probation and demonstrated a commitment to sobriety, and that this reasonably demonstrated that he had been rehabilitated. He asserted that requiring him to serve the remainder of his jail sentence was no longer necessary as he had been adequately punished during the probation period and that jailing him would cause disruption to his corporation and subject his employees and their families to financial hardship.  He noted that in his nearly 50 months on probation he had: 1) reported to jail and served 18 consecutive days; 2) successfully completed the drug court program, resulting in the dismissal of the companion felonies charged in the same incident giving rise to the misdemeanor third-offense OVI in this case; 3) completed inpatient and intensive outpatient rehabilitation programs at Glenbeigh; 4) consistently and timely reported to the probation department as scheduled; 5) paid all fines and costs; 6) resolved all disputes, financial and otherwise with the homeowner; 7) maintained his sobriety and strengthened family relationships. For those reasons, McCarthy urged the trial court to suspend the balance of his jail sentence.

{¶7} The probation violation was called for hearing, and the trial court noted that they were there for a "community control violation; the basis being that the defendant has failed to serve a 347-day jail sentence that was imposed on March 19 of 2010." The trial court stated it was its "understanding that your lawyer does not agree to stipulate to a violation, which I understand, but regardless, you owe this court 347 days in jail."

{¶8} Defense counsel then conceded that "* * *obviously * * * it's the sentence that currently stands."  He continued: "That is the sentence. We understand that the Court has a difficult position. We ask -- I have prepared a notice of appeal and motion to stay execution of a sentence. We would like to take up this issue, and it's -- it's a difficult issue – to the Court of Appeals for some - - [.]"

{¶9} The following then transpired:

THE COURT: I'm going to go off the record for just one second.

(A recess was taken.)

THE COURT: Yeah, for the record, we did have some conversation off the record, and the defendant understands the situation, and he is going to -- just so we're clear, accept the Court's order of 347 days to be served in the county jail. I'm going to start that sentence on August 11, 2014 at 9:00 a.m. And I understand that there will be a notice of appeal filed immediately, and -- and a stay of the sentence so that the Court of Appeals can decide this issue.

And if I didn't say, sir, for the record, the basis of the defendant not serving jail sentence is that he had been furloughed by the jail. He did commence his sentence back in 2010. He served 18 days of that sentence.

{¶10} It appears that defense counsel then attempted to argue the motion to suspend the balance of the jail sentence, noting that McCarthy had made attempts for over a year to serve his jail sentence and that he continued to report to probation every other month and that all fines costs and restitution had been paid. The trial court failed to consider this motion, instead ordering McCarthy to serve the 347 days in jail, failing to account for the 114 days the trial court had originally suspended from McCarthy's sentence. From that entry, McCarthy filed a timely notice of appeal, and the trial court granted McCarthy's motion to stay sentence pending appeal.

{¶11} McCarthy asserts in his three assignments of error:

Due to the amendment to Ohio Criminal Rule 5, the trial court judge abused his discretion by re-imposing the balance of the maximum sentence on misdemeanor charges which arose from the same act involving a felony. The felony was definitively settled by a judicial

decision after Appellant's successful completion of felony drug court.

The trial court judge abused his discretion by failing to consider the mitigating factors raised in Appellant's motion including but not limited to Appellant's successful completion of drug court, restitution paid by Appellant to third parties, length of Appellant's probation and exemplary conduct while on probation together with the harm that will be imposed upon innocent third parties as a result of Appellant's incarceration.

The trial court judge abused his discretion by ordering Appellant to serve the remaining 347 days of a maximum sentence in jail after the Appellant completed his sentence on accompanying felony charges. The jail time imposed exceeds the balance of time remaining on the Appellant's maximum probation term. In consideration of the totality of circumstances, the trial court's abuse of discretion amounts to cruel and unusual punishment, in violation of the Eighth Amendment to the Constitution of the United States.

{¶12} The delay in execution of McCarthy's 2010 misdemeanor sentence, an issue that McCarthy touches on in his third assignment of error, is dispositive of this appeal and renders our consideration of the balance of his assignments of error moot.

{¶13} In *State v. Vince*, 7th Dist. No. 08 MA 214, 2009-Ohio-4635, we considered whether a 16-month delay in the imposition of the defendant's sentence due to jail overcrowding deprived the court of jurisdiction, and violated the defendant of his rights to due process and to the protection from cruel and unusual punishment. While "the general rule in Ohio law is that a delay in the execution of a sentence does not render the sentence unenforceable[,] * * * it is possible for a delay in the execution of a sentence to become so unreasonable that it raises constitutional

issues." *Vince* at ¶16, citing, inter alia, *State v. Zucal,* 82 Ohio St.3d 215, 219, 694 N.E.2d 1341 (1998). In *Zucal,* the Ohio Supreme Court drew that line at five years, stating in paragraph one of the syllabus: "In convictions involving misdemeanor offenses, a delay in execution of sentence resulting from jail overcrowding that exceeds five years from the date that sentence is imposed is unlawful."

{¶14} In *Zucal*, the Court discussed the impact jail overcrowding had on the commencement of offenders' sentences, noting that the "growing societal problem, jail overcrowding, * * * has become increasingly difficult to remedy." *Id.* at 218. It further held that an "equitable remedy * * * that balances the criminal offender's liberty interests against the state's interest in the proper administration of justice" was necessary to prevent "unreasonable, burdensome, and unlawful restriction of appellant's freedom" and violations of due process. *Id.* at 219. The Court chose to make a bright-line rule of five years since that is the maximum term of community control. *Id.*, citing R.C. 2951.07. *See also* R.C. 2929.24(A)(2) which codifies the five year limit.

{¶15} In *Zucal*, the defendant was convicted of an OVI offense and sentenced in March of 1990, but she was unable to serve her jail term due to overcrowding. Over six years passed and she filed a motion to vacate her sentence, which was denied by the trial court and affirmed by the court of appeals. The Ohio Supreme Court reversed and vacated her sentence:

> We believe that it would be manifestly unfair, if not unconstitutional, to subject appellant, as well as others similarly situated, to restraints on her liberty beyond the maximum permissible period of probation provided for in R.C. 2951.07. The delay in execution of sentence in this case has required appellant to indefinitely place her life on hold for a period of over six years, subject to the availability of adequate jail space. Such a lengthy delay is an unlawful deprivation of appellant's liberty. There comes a point in time when such a delay becomes unreasonable and fails to comport with traditional notions of

fair play and substantial justice.

*Id.* at 220.

**{¶16}** Here, when the trial court ordered McCarthy serve the remainder of his jail term, just over four years had passed from the original date of sentence. Now, through no fault of McCarthy's, more than five years have elapsed. The *Zucal* Court clearly held that "[a]ny sentence resulting from a conviction of a misdemeanor offense that is not completed within five years *from the date of sentencing* must be vacated." *Zucal*, paragraph two of the syllabus (emphasis added).

**{¶17}** Thus, McCarthy's third assignment of error is meritorious in part. This renders the first and second assignments of error moot, and we need not address them. App.R. 12(A)(1)(c). Because the five-year *Zucal* period has expired, the judgment of the trial court is reversed, and McCarthy's sentence is vacated.

Waite, J., concurs

Robb, J., concurs